UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Raymond Riza,

    Plaintiff,

v.                                                                  Case No. 09-12605

Countrywide Home Loans, Inc.,                      Honorable Sean F. Cox

    Defendant.

_____/

## ORDER REMANDING STATE LAW CLAIMS

Plaintiff filed this action in Wayne County Circuit Court alleging the following claims: "Violations of 15 U.S.C. § 1639" (Count I); "Predatory Lending" (Count II); "Violation of Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*" (Count III); "Fraudulent Misrepresentation" (Count IV); "Negligent Misrepresentation" (Count V); "Violation of Fair Credit Reporting Act" (Count VI); and "Violation of Mortgage Brokers, Lender & Services Licensing Act, M.C.L. § 445.1651 *et seq.*" (Count VII). Defendant removed the action to this Court, asserting federal question jurisdiction.

Although Plaintiff's federal causes of action (Counts I, III, and VI) are cognizable in this Court pursuant to 28 U.S.C. § 1331, the remaining counts are based on state law.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

    1) the claim raises a novel or complex issue of State law;
    2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

    3) the district court has dismissed all claims over which it has original jurisdiction, or

    4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state-law claims in Plaintiff's complaint, this Court concludes that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, **IT IS ORDERED** that Counts II, IV, V, and VII of Plaintiff's Complaint are hereby **REMANDED** to the Wayne County Circuit Court.

    **IT IS SO ORDERED**.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: November 10, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2009, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager